```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

JUDY WOODS ETHERIDGE, Individually and on
behalf of Zachary Joseph Woods, Hanna Janell
Etheridge, Anna Marie Etheridge, and Destiny
Christian Etheridge, minor children                    PLAINTIFF

VS.                           CIVIL ACTION NO. 5:07-cv-49(DCB)(JMR)

WILLIAM DAVIS WOODS, father and custodial
parent of minor child, namely Zachary
Joseph Woods, Individually; BETTY JEAN
WOODS, paternal grandmother of minor child,
namely, Zachary Joseph Woods, Individually;
AMY LANDRUM WOODS, stepmother of minor child,
namely Zachary Joseph Woods, Individually;
THOMAS WOODS, paternal grandfather of minor
child, namely Zachary Joseph Woods,
Individually; CHANCERY JUDGE JANICE GOREE,
Individually, and in her official capacity;
GLEN MOORE, guardian ad litem, Individually
and in his official capacity; KELLY COLLINS,
guardian ad litem, Individually and in her
official capacity; JAMES WILLIAMS, Sheriff of
Yazoo County, Individually and in his official
capacity; BILLY BOLDON, Individually and in
his official capacity; and NOREEN GIRRARD,
Chancery Clerk of Yazoo County, Individually
and in her official capacity                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Judge Janace Goree's motion to dismiss **(docket entry 9)**, and on defendant Glen Moore's motion to dismiss **(docket entry 12)**. Having carefully considered the motions, to which there is no response, and being otherwise fully advised in the premises, the Court finds as follows:

On March 6, 2007, the plaintiff, Judy Woods Etheridge, filed

a pro se complaint invoking 42 U.S.C. § 1983 and alleging that the defendants, including Chancery Judge Janace Goree and Glen Moore, a former guardian ad litem with the Yazoo County Youth Court, conspired together to deprive the plaintiff and her minor son of their Fourteenth Amendment due process rights and equal protection of the law.  Complaint, ¶ 1(A)-(B).  Specifically, the plaintiff alleges that the defendants conspired to deprive her of her constitutional rights by interfering with the parent-child relationship and failing to grant the plaintiff custody during a child custody dispute with her former husband.  Complaint, ¶¶ 14-22.  She seeks declaratory and injunctive relief, as well as damages.  Complaint, ¶ 1(A)-(B).  The complaint also asserts state law claims for negligence and intentional torts.  Complaint, ¶ 1(C).

The movants herein move for dismissal based on failure to state a claim, immunity and abstention.  "[J]udges have absolute immunity to suits for monetary damages for their judicial acts.  Absolute immunity exists even when there are charges that the judge acted maliciously ... ."  Erwin Chemerinsky, Federal Jurisdiction at 501-02 (3d ed. 1999); see also Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986).  Judicial immunity is immunity from suit as well as from "[u]ltimate assessment of damages."  Mireles v. Waco, 502 U.S. 286, 288 (1991)(citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  Similarly, defendant Moore, as a court appointed guardian

ad litem, has absolute immunity from suits for monetary damages. See Miss. Code Ann. § 11-46-9(1).

To the extent that the complaint seeks declaratory and injunctive relief, the Younger abstention doctrine interposes a "strong federal policy against federal-court interference with pending state judicial proceedings." Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982)(citing Younger v. Harris, 401 U.S. 37 (1971)). Younger abstention is generally required when a federal court's grant of injunctive relief would interfere with an ongoing state court proceeding that implicates important state interests and provides a forum in which plaintiffs may assert their federal rights. Id. at 432. Where a compelling or "vital" state interest is involved, "a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." Id.

A federal court should abstain from granting injunctive or declaratory relief that would interfere with (1) an ongoing state judicial proceeding that (2) implicates an important state interest and (3) provides an opportunity to raise the constitutional or other federal-law issues. See Texas Ass'n of Business v. Earle, 388 F.3d 515, 518 (5th Cir. 2004). District courts must abstain from matters of import to the state involving "a party seek[ing] to have a district court issue 'divorce, alimony, and child custody decrees.'" Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 20

(2004)(quoting <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 703 (1992)). The requirements for <u>Younger</u> abstention are clearly met in this case.

The plaintiff's complaint fails to state a claim on which relief can be granted by this Court against defendants Moore and Judge Goree. The complaint alleges that defendant Moore improperly interfered with the parent-child relationship by failing to recommend placing the plaintiff's child in the plaintiff's custody, that defendant Judge Goree interfered with the parent-child relationship by failing to award custody to the plaintiff, and that both defendants conspired with others to accomplish the denial of custody. The Mississippi chancery courts have exclusive jurisdiction over child custody issues. <u>See</u> Miss. Const., Art. VI; Miss. Code Ann. § 9-5-81. Furthermore, abstention is proper because the child custody dispute is ongoing in chancery court, and nothing prevents the plaintiff from presenting her constitutional concerns in the state court. Accordingly,

IT IS HEREBY ORDERED that defendant Judge Janace Goree's motion to dismiss **(docket entry 9)** and defendant Glen Moore's motion to dismiss **(docket entry 12)** are GRANTED, and said defendants are dismissed from this action with prejudice.

SO ORDERED, this the   14th   day of November, 2007.

                                                       s/ David Bramlette
                                          UNITED STATES DISTRICT JUDGE